UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>  v.<br><br>Peter Wong,<br><br>    Defendant. | No. 2:16-cr-00237-JAM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S REQUEST FOR RESTITUTION** |

The matter before the Court is the Government's Request for Restitution. Gov't's Restitution Mem. ("Gov't Mem."), ECF No. 168. Peter Wong ("Defendant") objects to portions of the Government's request. Def.'s Restitution Mem. ("Def. Mem."), ECF No. 172. The Court has considered the parties' briefing and arguments made during the February 2, 2020 restitution hearing. See ECF No. 175. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the Government's request for restitution.

I. OPINION

Defendant was convicted of health care fraud. See ECF No. 144. The Government argues Defendant's fraud resulted in $2,168,332.53 in losses to the United States Department of Veterans Affairs ("VA"). This loss amount is comprised of the

amount Defendant was paid by the VA for the shoes he sold under
the multi-year contract he obtained with co-defendant, Anthony
Lazzarino ("Lazzarino") ($9,211.53), and the total bill for every
shoe that contained billing code L2755 for the carbon graphite
inserts and billing code L3540 for the rocker bottoms
($2,159,121). Gov't Mem. at 1-2. Defendant does not dispute the
amount he and Lazzarino received under the contract. Def. Mem.
at 11. Accordingly, the VA is entitled to $9,211.53 in
restitution for this amount paid under the contract. Defendant
and Lazzarino are joint and severally responsible for this
amount.

Defendant does dispute the amount of loss calculated based
on the total bill for every shoe that contained billing code
L2755, for the carbon graphite inserts, and billing code L3540,
for the rocker bottoms. See Def. Mem. at 1-3. With regard to
restitution, "the burden is on the [G]overnment to show, by a
preponderance of the evidence, the amount of loss sustained by a
victim." United States v. Angelica, 951 F.2d 1007, 1010 (9th
Cir. 1991). Defendant argues the Government has not met its
burden as this loss amount includes overlapping shoe orders and
billing codes for items that were not fraudulently billed. Def.
Mem. at 2. The Court agrees and declines to hold the Defendant
liable for the total billed amounts. Accordingly, the Court will
calculate restitution based only on the amount Defendant received
from the VA for the codes for which he provided no service.

The evidence at trial established Defendant did not provide
the billed for carbon graphite stabilizers in any of the shoes.
The amount Defendant received from the VA for that billing code

2

amounted to $470,148.20. Ex. 1 to Gov't Mem., ECF No. 168-1. Accordingly, the VA is entitled to $470,148.20 in restitution for the amount paid for the carbon graphite stabilizers. On the other hand, the evidence does not adequately establish the amount of loss associated with the billed for rocker bottoms. The Government argues that, in ninety percent of the cases, the VA received no value from this billing. Gov't Mem. at 2-3. This loss estimate requires the Court to assume that, because only one out of the twelve pairs of shoes shown at trial possibly included rocker bottoms, only about ten percent of the total shoes billed included rocker bottoms. Gov't Mem. at 2-3. The Court declines to make that assumption. Accordingly, the VA will not be awarded $186,261.19 in restitution for the rocker bottoms.

Thus, Defendant is joint and severally liable for $9,211.53 in restitution for the amount paid under the contract. In addition, Defendant is independently responsible for $470,148.20 in restitution for the amount billed for the carbon graphite stabilizers.

## II. ORDER

For the reasons set forth above, Defendant Peter Wong is ordered to pay restitution to the United States Department of Veterans Affairs in the amount of $479,359.73 as set forth in the Presentence Investigative Report in this case. (ECF No. 159 at p. 19)

IT IS SO ORDERED.

Dated: February 11, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE